TRINA A. HIGGINS, United States Attorney (#7349)
ANGELA M. REDDISH-DAY, Assistant United States Attorney (#15910)
Attorneys for the United States of America
20 North Main Street, Suite 208
St. George, Utah 84770
Telephone: (435) 634-4265

---

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, | 4:22-cr-00103-DN-PK |
| Plaintiff, | |
| v. | UNITED STATES' OPPOSITION TO MOTION TO COMPEL DISCOVERY |
| ADRIAN JOSEPH ALVARADO, | District Judge David Nuffer |
| Defendant. | Magistrate Judge Paul Kohler |

The United States, by and through the undersigned Assistant United States Attorney, hereby responds to the defendant's Motion to Compel Discovery ("Motion").[1] The United States opposes the Motion, and hereby recommends that the Court deny the Motion in its entirety as unsupported by any legal authority.

---

[1] Court Docket (hereinafter "Dkt.") 76.

1

BACKGROUND

The defendant was charged in a three-count Indictment on September 28, 2022.[2] A Motion to Suppress was filed on July 26, 2023.[3] An Evidentiary Hearing was conducted on November 8 and 9, 2023.[4] The Evidentiary Hearing ended abruptly and prior to its conclusion when the defendant terminated the services of his retained attorney.[5]

After the appointment of several different attorneys, Mr. Garrett was appointed to represent the defendant.[6] The Evidentiary Hearing is currently scheduled to resume on May 23, 2024.[7] At the Status Conference on April 8, 2024, the defendant made an informal request for all stops made by Officer Nolan Tanner from two months prior to the stop and two months after the stop in this case. The traffic stop in this case that led to the Indictment occurred on August 29, 2022.[8] The United States objected to the discovery request at the Status Conference on April 8, 2024, so Honorable Magistrate Judge Kohler requested that the defendant file a motion citing why he is entitled to that discovery, if he still wishes to pursue the discovery. Defendant filed a Motion to Compel Discovery on May 1, 2024, the day prior to the next Status Conference on May 2, 2024.[9] At the Status Conference, the United States renewed its objection to the discovery request, and the Court ordered the United States to file a written response.[10]

---

[2] Dkt. 1.
[3] Dkt. 37.
[4] Dkt. 47, 51.
[5] Dkt. 51.
[6] Dkt. 66.
[7] Dkt. 75.
[8] Dkt. 1.
[9] Dkt. 76, 77.
[10] Dkt. 77.

ARGUMENT

The defendant moves the Court for an Order compelling the United States to disclose incident reports from all of Officer Tanner's traffic stops two months prior to this incident in question involving the defendant and for two months thereafter.[11] He contends that the evidence is subject to disclosure under Fed. R. Crim. P. 16(a)(1)(E), as the request is material to preparing a defense. Specifically, the defendant asserts that because Officer Tanner's credibility is at issue in this case, he is entitled to the discovery requested. That is a very broad request pursuant to Rule 16 without any additional legal authority to support the request.

Fed. R. Crim. P. 16(a)(1)(E) provides in part that:

> (E) Documents and Objects. Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and: (i) the item is material to preparing the defense.[12]

The United States asserts that the requested documents are neither "within the government's possession, custody, or control," nor are the requested documents "material to preparing the defense" in a Motion to Suppress.

First, the requested documents are not within the United States' possession, custody, or control because four months of unrelated incident reports are not in the possession of the prosecution team, but rather, in the possession of a local law enforcement agency. To produce such a voluminous amount of records would require the United States to subpoena such records

---

[11] Dkt. 76, at 2.
[12] Fed. R. Crim. P. 16(a)(1)(E).

3

from a local law enforcement agency and doing so would amount to nothing short of a fishing expedition that would be unduly burdensome on that agency and the United States. Not only would four months of reports need to be gathered, but every report would have to be redacted to protect the personal identifying information of victims, suspects, and witnesses. Officer Tanner testified at the Evidentiary Hearing on November 8, 2023, that he makes ten to twenty traffic stops per week,[13] so sixteen weeks of incident reports would amount to approximately 160 to 320 reports to locate, copy, redact, and review. After doing so, nothing relevant or material to this criminal case and this suppression hearing would be gleaned from these reports. Reviewing such reports in a vacuum would not reveal discrepancies of facts and/or omissions without the benefit of comparing the reports to other information in those same unrelated cases.

Such an exercise is not only outside the purview of Fed. R. Crim. P. 16(a)(1)(E), because the materials are not in the possession of the prosecution team, but significantly, the requested documents are also not material to preparing a defense in a Motion to Suppress hearing.

The defendant asserts that because Officer Tanner's credibility is at issue, his other reports of traffic stops will shed light on his credibility in same way. The defendant states that if a pattern can be developed that Officer Tanner omits certain relevant facts or has material inconsistencies in his reports that belie the truth, then the defendant should have access to that.[14] Officer Tanner was cross-examined at the Evidentiary Hearing about discrepancies in his report

---

[13] Dkt. 69, Evidentiary Hearing Transcript, at pg. 24.
[14] Dkt. 76, at 4.

in the instant case, and he testified that his report is for officer recollection.[15] Officer Tanner already testified for approximately two hours at the Evidentiary Hearing on November 8, 2023, and he can be further cross-examined about the instant case and his report on May 23, 2024, when the Evidentiary Hearing resumes.

Ultimately, given Officer Tanner's testimony that his report is for officer recollection, even if the defendant were to have access to Officer Tanner's prior reports, there would be no way to ascertain whether Officer Tanner's credibility was compromised in any of those prior cases without comparing those reports to testimony under oath or other body camera or dash camera footage. To be certain, credibility of every witness is an issue for the finder of fact in every case, whether it's a judge of jury, but the courts do not permit defendants to engage is such fishing expeditions into prior unrelated cases in order to somehow show that a witness is not being truthful in the instant case. What the defendant is requesting is simply not relevant nor material to the instant case, and he has asserted no legal authority to the contrary.

The defendant's primary factual assertion is that the discovery requested is material because evaluating other stops made by Officer Tanner is critical in demonstrating a pattern of pretext stops and the requested discovery will allegedly show Officer Tanner's propensities. Even if true and even if such a pattern could be gleaned simply from reading an incident report, any pattern of pretext stops is irrelevant to the pending Motion to Suppress. The defense acknowledges that *Whren v. United States*,[16] stands for the proposition that a traffic stop is

---

[15] Dkt. 69, at pg. 106-107
[16] 517 U.S. 806 (1996).

reasonable under the Fourth Amendment if a police officer has probable cause to believe that a traffic violation has occurred, even if the stop is a pretext for the investigation of a more serious offense.[17] Pretext stops are nothing new in 4th Amendment jurisprudence, as both the Supreme Court and the Tenth Circuit have recognized that the subjective intent of an officer in making a stop is not relevant to the question of whether the officer has reasonable suspicion to conduct the traffic stop.[18] As such, the requested reports are irrelevant and immaterial to Officer Tanner's credibility, but also irrelevant and immaterial to any legal defense in a Motion to Suppress.

**Conclusion**

The United States asserts that the defendant's Motion to Compel Discovery must be denied as outside the scope of Fed. R. Crim. P. 16 and not within the United States' discovery obligations under any other relevant legal authority.

DATED this 14th day of May, 2024.

TRINA A. HIGGINS
United States Attorney

*/s/ Angela M. Reddish-Day*

ANGELA M. REDDISH-DAY
Assistant United States Attorney

---

[17] Dkt. 76, at 3.
[18] *See Whren v. United States*, 517 U.S. 806 (1996).